LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MEYERS, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., and DOES 1-10, inclusive;<br><br>　　　　　　Defendants. | Case No. CV17-04946<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

　　1.　　CAROL MEYERS ("Plaintiff") complains and alleges:

**INTRODUCTORY ALLEGATIONS**

　　2.　　This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

　　3.　　Venue is properly within the Central District of California pursuant to 29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this

1  District, because the breach took place within this district, and because the ends of
2  justice so require.

3      4.    This action seeks damages for the denial of health insurance benefits under a group health insurance plan ("the Plan") established and funded by Defendants under which Plaintiff is a plan participant.  The Group Number is 33572.

    5.    Plaintiff seeks benefits, attorneys' fees and costs, and other appropriate relief for the improper, erroneous, and illegal denial of health benefits owed to Plaintiff, as a participant and beneficiary of the Plan.

    6.    At all relevant times, the Plan was an employee welfare benefit plan that provided Plaintiff with HMO health insurance coverage.  The Plan that is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and established for the purpose of providing peace of mind and security to its participants.

## THE PARTIES AND THEIR RELATIONSHIPS

    7.    CAROL MEYERS ("Plaintiff") is, and at all times herein mentioned was, a resident and citizen of the County of Santa Clara, State of California.  She is the mother and guardian of her minor daughter A.M.

    8.    KAISER FOUNDATION HEALTH PLAN, INC. ("Kaiser") is the insurer and administrator of the benefit program at issue herein.  Kaiser is an insurance company authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California.  Plaintiff is informed and believes, and thereon alleges, that Kaiser is a corporation domiciled in State of California and is regulated by the California Department of Managed Health Care.

    9.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

is informed and believes and thereon alleges that each of Defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately to Plaintiff. Plaintiff will seek leave of this Court to amend this Complaint to insert their true names and capacities in place of and instead of the fictitious names when they become known to Plaintiff.

10. Defendants' conduct described herein was undertaken by the corporate Defendants' officers and managing agents, identified herein as Does 1 through 10, who were and are responsible for claims supervision and operations, underwriting, communications, and decision making. The aforesaid conduct of these managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants had advance knowledge of the actions and conduct of these individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as Does 1 through 10, inclusive.

11. At all times herein mentioned, unless otherwise specified, Defendants and Does 1 through 10 were the agents and employees of each other, and were at all times acting within the purpose and scope of said agency and employment, and each such Defendant has ratified and approved the acts of his agent.

## FACTUAL BACKGROUND

12. The Plan promises to provide reimbursement for medical expenses incurred by plan participants and their dependents, subject to terms and conditions set forth in the Plan documents.

13. Plaintiff and her daughter have been at all relevant times herein participants and beneficiaries in the Plan.

14. All of the medical expenses incurred that are at issue in this action

were covered and medically necessary under the terms of the Plan and applicable law.

15. Plaintiff and her daughter are eligible for benefits under the Plan.

16. The Plan is administered by Kaiser.

17. Plaintiff and her daughter are fully covered under the Plan, and there are no eligibility issues.

18. All medically-necessary medical care is covered under the Plan.

19. Plaintiff's daughter's physicians determined that she required acute care in a residential facility due to severe medical issues from which she was suffering.

20. Plaintiff's daughter attempted suicide in 2015.

21. Plaintiff's daughter was involuntarily hospitalized under section 5150 on several occasions with Social Services oversight.

22. Plaintiff's daughter was certified by doctors as a "danger to others" and "gravely disabled."

23. Plaintiff's daughter was violent towards her parents and others, with the police department visiting the home on several occasions.

24. Plaintiff's daughter was admitted to Fremont Hospital and discharged on or about October 16, 2015. Plaintiff's daughter was admitted to Fremont Hospital and discharged on or about October 28, 2015.

25. Plaintiff's daughter was involuntarily hospitalized on four occasions prior to being diagnosed with autism in or about April 2016.

26. Plaintiff sought treatment for her daughter within Defendants' network, but was advised that there were no residential treatment facilities in Defendants' network.

27. Plaintiff's daughter was released from a section 5150 hold at a hospital and transferred by the hospital to a residential treatment facility.

28. Plaintiff sought authorization for "Seven Stars," the facility in

question.

29. Defendants refused to pay for the facility.

30. Plaintiff timely appealed the failure to pay the claims, and Defendants rejected appeal.

31. Defendants rejected the appeal and refused to make any payments, all in violation of the terms of the Plan.

32. Plaintiff incurred over $65,000 in covered medical expenses that were not reimbursed.

# FIRST CAUSE OF ACTION
## FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS
### (Against All Defendants)

33. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

34. The Plan promises to provide reimbursement for medical expenses incurred by plan participants and their dependents, subject to terms and conditions set forth in the Plan documents.

35. Plaintiff and her daughter have been at all relevant times herein participants and beneficiaries in the Plan.

36. All of the medical expenses incurred that are at issue in this action were covered and medically necessary under the terms of the Plan and applicable law.

37. Plaintiff and her daughter are eligible for benefits under the Plan.

38. The Plan is administered by Kaiser.

39. Plaintiff and her daughter are fully covered under the Plan, and there are no eligibility issues.

40. All medically-necessary medical care is covered under the Plan.

41. Plaintiff's daughter's physicians determined that she required acute

care in a residential facility due to severe medical issues from which she was suffering.

42. Plaintiff's daughter attempted suicide in 2015.

43. Plaintiff's daughter was involuntarily hospitalized under section 5150 on several occasions with Social Services oversight.

44. Plaintiff's daughter was certified by doctors as a "danger to others" and "gravely disabled."

45. Plaintiff's daughter was violent towards her parents and others, with the police department visiting the home on several occasions.

46. Plaintiff's daughter was admitted to Fremont Hospital and discharged on or about October 16, 2015. Plaintiff's daughter was admitted to Fremont Hospital and discharged on or about October 28, 2015.

47. Plaintiff's daughter was involuntarily hospitalized on four occasions prior to being diagnosed with autism in or about April 2016.

48. Plaintiff sought treatment for her daughter within Defendants' network, but was advised that there were no residential treatment facilities in Defendants' network.

49. Plaintiff's daughter was released from a section 5150 hold at a hospital and transferred by the hospital to a residential treatment facility.

50. Plaintiff sought authorization for "Seven Stars," the facility in question.

51. Defendants refused to pay for the facility.

52. Plaintiff timely appealed the failure to pay the claims, and Defendants rejected appeal.

53. Defendants rejected the appeal and refused to make any payments, all in violation of the terms of the Plan.

54. Plaintiff incurred over $65,000 in covered medical expenses that were not reimbursed.

55. Plaintiff appealed the decision under ERISA, which Defendants rejected.

56. The Plan calls for performance within the jurisdiction of the above-entitled Court.

57. Plaintiff has pursued and exhausted all administrative appeals, which the Plan and Defendants have denied.

58. Defendants' denial was without just cause.

59. As a direct and proximate result of Defendants' refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the Plan and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For benefits payable under the Plan to reimburse Plaintiff, a participant of the Plan, in the amount of the total of the medical bills incurred by Plaintiff plus interest and costs;

2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3. For pre-judgment and post-judgment interest at the appropriate rate; and

4. For such other relief as the Court deems appropriate.

Dated: November 29, 2018         LAW OFFICES OF CHRISTIAN J. GARRIS

By:_____
Christian J. Garris, Esq.
Attorneys for Plaintiff

— 7 —
**Complaint—Revised**