UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL MEYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN INC,<br><br>    Defendant. | Case No. 17-CV-04946-LHK<br><br>**ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 40, 44, 47, 54 |

Before the Court are several motions to seal filed by Carol Meyers ("Plaintiff") and Kaiser Foundation Health Plan ("Defendant"). *See* ECF Nos. 40, 44, 47, 54. The parties seek to seal portions of the briefing and exhibits related to the bench trial. For the reasons given below, the Court DENIES without prejudice the motions to seal. The parties shall file a renewed and joint motion to seal by December 20, 2018.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

1
Case No. 17-CV-04946-LHK
ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or

2
Case No. 17-CV-04946-LHK
ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE

1   otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

2   tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

3   Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "declaration

4   establishing that the document sought to be filed under seal, or portions thereof, are sealable," a

5   "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order

6   that "lists in table format each document or portion thereof that is sought to be sealed," as well as

7   an "unredacted version of the document" that "indicate[s], by highlighting or other clear method,

8   the portions of the document that have been omitted from the redacted version." *Id.*

The initial question before the Court is whether the instant motions to seal are subject to the good cause or compelling reasons standard. Here, the briefing and exhibits that the parties seek to seal are for purposes of a bench trial. As such, the documents, by definition, have more than a tangential relation to the merits of the case, and therefore the "compelling reasons" standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see, e.g.*, *Federal Trade Commission v. DIRECTV, Inc.*, No. 15-cv-1129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (applying "compelling reasons" standard to trial exhibits in bench trial).

This case presents the unusual circumstance where both Defendant *and* Plaintiff filed their own versions of the administrative record. *See* ECF Nos. 40, 44, 47, 54. The parties filed duplicative documents for the most part, and the parties did not provide the Court with clear information on where there is overlap and whether the parties agree as to which documents should be sealed. The Court therefore DENIES without prejudice the motions to seal.

The parties must file a joint motion to seal by December 20, 2018. Prior to filing any such joint motion to seal, lead counsel for both parties must meet and confer to decide what information the parties will request to file under seal. The parties must also file declarations from lead counsel that confirm compliance with this Order. The parties shall file concurrent with the joint motion to file under seal all necessary declarations establishing that the information sought to be sealed is sealable. Because the Court has determined that the briefing and exhibits that the parties seek to seal are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*,

3

Case No. 17-CV-04946-LHK
ORDER DENYING MOTIONS TO SEAL WITHOUT PREJUDICE

809 F.3d at 1099, the declarations shall set forth the "compelling reasons supported by specific factual findings" that the parties believe "outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79.

Importantly, the parties shall include with the joint motion to seal a chart which includes a row for each document or portion thereof that is sought to be sealed. The chart shall also include four additional columns that describe: (1) where the document or portion thereof appears in the filings; (2) the relevant standard; (3) the number of the paragraph in a specific declaration that justifies the sealing of that document under the relevant standard; and (4) any explanations. Any disagreement between the parties should be noted in the explanation column of the chart. The Court notes that it cited to the Bates numbers in the right corner of the documents provided by the parties in its Findings of Fact and Conclusions of Law. *See* ECF No. 76. In light of this, the parties' joint motion to seal and chart should reference the Bates numbers.

As discussed, the joint motion to seal shall address all documents that both parties filed. The parties shall also comply with all other requirements set forth in Civil Local Rule 79-5(d), except that the parties do not need to comply with the four-day deadline, and the parties *shall not* refile their documents or provide courtesy copies of the documents to the Court.

**IT IS SO ORDERED.**

Dated: December 11, 2018

_____
LUCY H. KOH
United States District Judge