UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL MEYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN INC,<br><br>    Defendant. | Case No. 17-CV-04946-LHK<br><br>**ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 82 |

On December 11, 2018, the Court denied without prejudice the parties' numerous motions to seal and instructed the parties' on how to properly renew their requests. ECF No. 78. Before the Court is a joint administrative motion to file confidential information under seal filed by Plaintiff Carol Meyers and Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") on December 20, 2018. ECF No. 82 ("Mot."). For the following reasons, the Court GRANTS in part, DENIES in part with prejudice, and DENIES in part without prejudice the instant motion to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

Case No. 17-CV-04946-LHK
ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1    U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in

2    favor of access is the starting point." *Id.* (internal quotation marks omitted).

3          Parties seeking to seal judicial records relating to motions that are "more than tangentially

4    related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

5    1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

6    supported by specific factual findings" that outweigh the general history of access and the public

7    policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons

8    justifying the sealing of court records generally exist "when such 'court files might have become a

9    vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

10   scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435

11   U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's

12   embarrassment, incrimination, or exposure to further litigation will not, without more, compel the

13   court to seal its records." *Id.*

14         Records attached to motions that are "not related, or only tangentially related, to the merits

15   of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at

16   1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court

17   records attached only to non-dispositive motions because those documents are often unrelated, or

18   only tangentially related, to the underlying cause of action." (internal quotation marks omitted)).

19   Parties moving to seal records attached to motions unrelated or only tangentially related to the

20   merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of

21   Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The

22   "good cause" standard requires a "particularized showing" that "specific prejudice or harm will

23   result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

24   Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific

25   examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d

26   470, 476 (9th Cir. 1992).

27

2

28   Case No. 17-CV-04946-LHK
     ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
     PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

United States District Court
Northern District of California

1    In addition, parties moving to seal documents must comply with the procedures established

2    by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

3    that establishes the document is "sealable," or "privileged, protectable as a trade secret or

4    otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

5    tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

6    Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "declaration

7    establishing that the document sought to be filed under seal, or portions thereof, are sealable," a

8    "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order

9    that "lists in table format each document or portion thereof that is sought to be sealed," as well as

10   an "unredacted version of the document" that "indicate[s], by highlighting or other clear method,

11   the portions of the document that have been omitted from the redacted version." *Id.*

12       The first question before the Court is whether the instant motions to seal are subject to the

13   good cause or compelling reasons standard. Here, the briefing and exhibits that the parties seek to

14   seal are for purposes of a bench trial. As such, the documents, by definition, have more than a

15   tangential relation to the merits of the case, and therefore the "compelling reasons" standard

16   applies. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see, e.g., Federal Trade Commission v.*

17   *DIRECTV, Inc.*, No. 15-cv-1129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (applying

18   "compelling reasons" standard to trial exhibits in bench trial).

19       The Court now turns to the substance of the instant joint sealing motion. Specifically, the

20   parties seek to seal (1) initial filings by the parties that included the name of Plaintiff's minor

21   daughter, (2) portions of Defendant Kaiser's opening and responsive trial brief, and (3) exhibits

22   filed in connection with the bench trial. *See* Mot. The Court addresses each in turn below.

23       First, the Court agrees that compelling reasons exist to seal the parties' filings that included

24   the name of the Plaintiff's minor daughter. On November 26, 2018, the Court held that Federal

25   Rule of Civil Procedure 5.2(a) requires that the minor's name be redacted in all filings with the

26   Court and that the parties had failed to comply with Rule 5.2(a) because their filings included the

27

28   Case No. 17-CV-04946-LHK
     ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
     PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1    minor's name. ECF No. 64 ("November 26, 2018"). In light of this, the Court locked all of the

2    parties' improper filings and ordered the parties to "refile using only the minor's initials." *See id.*

3    Since then, the parties have filed corrected versions of their original filings without the Plaintiff's

4    minor daughter's name. The Court agrees with the parties that compelling reasons exist to

5    continue to seal the parties' original filings containing the minor's name from public view.

6         However, the Court finds that Kaiser failed to comply with the Court's November 26, 2018

7    Order when Kaiser filed its corrected documents. The Court had ordered the parties to "refile

8    using only the minor's initials." ECF No. 64. Despite the Court's specific instructions, Kaiser

9    refiled and merely blacked out the name of the minor. *See, e.g.*, ECF Nos. 66, 68. Therefore,

10   Kaiser is ordered to refile its documents again, this time editing the text of the documents so that

11   they include the minor's initials.

12        Second, Kaiser seeks to seal portions of its opening and responsive trial brief (refiled at

13   ECF Nos. 66 and 68)[1] that Kaiser argues contain "confidential information regarding mental

14   health treatment provided to a minor child." *See* Mot. at 6–7. The Court DENIES Kaiser's request

15   without prejudice for two reasons. First, the portions of the opening and responsive trial brief that

16   Kaiser seeks to seal are not narrowly tailored as required by Civil Local Rule 79-5(d) because the

17   requested redactions include information, for instance, about the claim reimbursement and appeals

18   process as well the name of Elevations RTC/Seven Stars, that has already been publicly disclosed

19   in this litigation in the Plaintiff's trial brief and the Court's findings of fact and conclusions of law.

20   *See* ECF Nos. 74, 76. Second, in making its request, Kaiser failed to comply with the Court's

21   previous sealing order that instructed that the renewed sealing request should include a chart that

22   "includes a row for each document *or portion thereof* that is sought to be sealed," ECF No. 78 at 4

23   (emphasis added), because the joint motion to seal's chart does not provide a specific labeling of

24

_____

25   [1] The joint motion to seal refers to the original unredacted filings (ECF Nos. 40-4 and 47-4) when
     making the request to redact portions of Kaiser's opening and responsive brief, which are
26   corrected and available at ECF Nos. 66 and 68. *See* Mot. at 6–7. Therefore, to be accurate, the
     Court refers to the request as pertaining to ECF Nos. 66 and 68 in this paragraph and in the chart
27   below.

     4

28   Case No. 17-CV-04946-LHK
     ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
     PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1    the line or page numbers that Kaiser seeks to seal. Kaiser also failed to attach an "unredacted

2    version of the document" that "indicate[s], by highlighting or other clear method, the portions of

3    the document that have been omitted from the redacted version." *Id.* at 3 (quoting Civ. L. R. 79-

4    5(d)). Because the Court denies Kaiser's request without prejudice, Kaiser may tailor and renew

5    its request in a joint motion to seal. The parties shall file any joint motion to seal within seven

6    days of this Order. The joint motion to seal shall comply with the instant order and the Court's

7    December 12, 2018 sealing order. *See* ECF No. 78.

8           Third, of the exhibits that were filed in connection with the bench trial, the Court finds that

9    the exhibits fall into three different categories. The first category of exhibits consists of the

10   minor's medical records and information related specifically to the minor's medical history and

11   treatment. The Court agrees that compelling reasons exist to seal the personal and medical

12   information of the minor in this case. This information is sealable because of the strong interest in

13   "preserv[ing] privacy in a matter of sensitive and highly personal nature." *Jane Roes 1-2 v. SFBSC*

14   *Mgmt LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *see also Hunt v. Cont'l Cas. Co.*, 2015 U.S.

15   Dist. LEXIS 122228, 2015 WL 5355398, *3 (N.D. Cal. Sept. 14, 2015) (holding that plaintiff's

16   "interest in preserving the privacy of her sensitive mental health records" constituted a compelling

17   reason to seal those records). The personal information of the minor, including birth year and

18   home address, is also justified in order to "protect [the minor's] privacy interest[s] and to prevent

19   exposure to harm or identify theft." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist.

20   LEXIS 84000, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007).

21          The second category of exhibits have to do with benefits claims and appeals

22   correspondence. The Court finds specifically as to Kaiser's letters explaining the denial of benefits

23   and Kaiser's records regarding the status of the benefits claims that the presumption favoring

24   disclosure of these documents is not outweighed by compelling reasons. The subject matter of

25   Kaiser's denial of benefits and Plaintiff's appeal is directly at issue in this lawsuit and the minor's

26   name and personal information (such as birth year and home address) can easily be redacted from

27

28   Case No. 17-CV-04946-LHK
     ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
     PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1 these documents to protect the minor's medical privacy rights. *Compare Nursing Home Pension*

2 *Fund*, 2007 WL 3232267, at \*2 (discussing the protection of personal information, including birth

3 year and address).

4 As for the billing records, however, the Court agrees with the parties that these documents

5 cannot easily be redacted to protect the minor's medical privacy rights and that sealing is

6 appropriate. The Court similarly seals Plaintiff's level one appeals letter to Kaiser because it finds

7 that the document contains sensitive information about the minor's personal and medical

8 information that cannot be easily redacted to protect the minor's medical privacy rights.

9 The third category of exhibits are miscellaneous documents that the parties have labeled in

10 their chart as documents regarding Plaintiff's appeal that contain information such as a screenshot

11 of a web search (which is publicly accessible), a copy of Kaiser's Plan (of which versions have

12 already been made public by the parties), and a complaint in a proceeding against Kaiser before

13 the Department of Managed Health Care of the State of California (which is a public document).

14 The Court finds that compelling reasons do not exist to seal these documents because these

15 documents are already public and do not pertain to the minor's medical history and treatment. The

16 parties have not provided any other reason for sealing those documents.

17 Accordingly, with the Ninth Circuit's sealing case law in mind, the Court rules on the

18 instant motion as follows:

| Dkt. No./Bates Number(s) | Document(s) Description | Page/Line | Court's Ruling |
|---|---|---|---|
| ECF No. 1 | Plaintiff's Complaint (containing minor child's name; refiled at ECF No. 72) | Entire Document | GRANTED. |
| ECF No. 12 | Defendant Kaiser's Answer (containing minor child's name; refiled at ECF No. 65) | Entire Document | GRANTED. |
| ECF No. 32 | Plaintiff's Joint Discovery Letter Brief (containing minor child's name; refiled at ECF No. 73) | Entire Document | GRANTED. |

28 Case No. 17-CV-04946-LHK
ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| | | | |
|---|---|---|---|
| ECF No. 39 | Plaintiff's Opening Trial Brief (containing minor child's name; refiled at ECF No. 74) | Entire Document | GRANTED. |
| ECF No. 40-4 and ECF No. 41 | Defendant Kaiser's Opening Trial Brief (containing minor child's name; refiled at ECF No. 66) | Entire Document | GRANTED. |
| ECF No. 42 | Defendant Kaiser's Notice of Filing Administrative Record for Trial (containing minor child's name; refiled at ECF No. 67) | Entire Document | GRANTED. |
| ECF No. 45 | Plaintiff's Responsive Trial Brief (containing minor child's name; refiled at ECF No. 75) | Entire Document | GRANTED. |
| ECF No. 47-4 and ECF No. 48 | Defendant Kaiser's Responsive Trial Brief (containing minor child's name; refiled at ECF No. 68) | Entire Document | GRANTED. |
| ECF No. 50 | Defendant Kaiser's Motion Regarding the Scope of the Administrative Record at Trial (containing minor child's name; refiled at ECF No. 69) | Entire Document | GRANTED. |
| ECF No. 53 | Defendant Kaiser's Notice of Filing Exhibit 3 as Proposed Supplement to Plaintiff's Administrative Record (containing minor child's name; refiled at ECF No. 70) | Entire Document | GRANTED. |
| ECF No. 55 | Defendant Kaiser's Opposition to Plaintiff's Motion Regarding the Scope of the Administrative Record at Trial (containing minor child's name; refiled at ECF No. 71) | Entire Document | GRANTED. |
| ECF No. 66 | Defendant Kaiser's Corrected Opening Trial Brief | Portions | DENIED WITHOUT PREJUDICE. Pursuant to the Court's instructions above, the parties may refile as a joint motion their request to seal information |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | within seven days of this Order. |
| ECF No. 68 | Defendant Kaiser's Corrected Responsive Trial Brief | Portions | DENIED WITHOUT PREJUDICE. Pursuant to the Court's instructions above, the parties may refile as a joint motion their request to seal information within seven days of this Order. |
| ECF No. 40-5: K1226; K1202; K1203–21 | Exhibit 3 to Defendant Kaiser's Proposed Administrative Record (minor's medical records) | Entire Document | GRANTED. |
| ECF No. 40-5: K1190–1197; K1198–1201; K1227–34; K1222–25; K1235–38 | Exhibit 3 to Defendant Kaiser's Proposed Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 40-6: K1260–71; K1262–66; K1240–47 | Exhibit 4 to Defendant Kaiser's Proposed Administrative Record (billing records) | Entire Document | GRANTED. |
| ECF No. 40-6: K1248–55; K1256–59; K1261; K1267–70 | Exhibit 4 to Defendant Kaiser's Proposed Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, |

8

| | | | |
|---|---|---|---|
| | | | and birthday of the minor. |
| ECF No. 40-7: K1317; K1300–04 | Exhibit 5 to Defendant Kaiser's Proposed Administrative Record (billing records) | Entire Document | GRANTED. |
| ECF No. 40-7: K1305–12; K1313–16 | Exhibit 5 to Defendant Kaiser's Proposed Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 40-8: K1272–79; K1280–83; K1284–91; K1292–95; K1296–99 | Exhibit 6 to Defendant Kaiser's Proposed Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 40-9: K612–25 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (Plaintiff's level one appeals letter) | Entire Document | GRANTED. |
| ECF No. 40-9: K626; K627–31 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (billing records) | Entire Document | GRANTED. |
| ECF No. 40-9: K632–861; K901–1189 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (minor's medical records) | Entire Document | GRANTED. |

9

| | | | |
|---|---|---|---|
| ECF No. 40-9: K862 –73; K2029–31; MEYERS0208– 10; MEYERS0276– 83 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 40-9: K874–86 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (Kaiser's Plan) | Entire Document | DENIED WITH PREJUDICE. Kaiser's Plan does not satisfy the compelling reasons standard and, in any event, is already public information. |
| ECF No. 40-9: K887–88 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (screenshot of web search by Plaintiff) | Entire Document | DENIED WITH PREJUDICE, except for the second term of the web search. The screenshot of the web search does not satisfy the compelling reasons standard, and the web search is publicly accessible. The parties shall refile and redact only the second term of the web search as done in the Court's findings of fact and conclusions of law. *See* ECF No. 76 at 35, lines 7–14. |
| ECF No. 40-9: K889 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (screenshot of web search by Plaintiff) | Entire Document | DENIED WITH PREJUDICE. The screenshot of the web search does not satisfy the compelling reasons standard, and the web |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | search is publicly accessible. |
| ECF No. 40-9: K890–900 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record (Accusation in Matter No. 11-543 from the California Department of Managed Health Care Brought Against Kaiser) | Entire Document | DENIED WITH PREJUDICE. The Managed Department of Health Care Accusation against Kaiser does not satisfy the compelling reasons standard and is public. |
| ECF No. 40-9: K2020–23 and ECF No. 44-4: K2020–23 | Exhibit 7 to Defendant Kaiser's Proposed Administrative Record and Exhibit 2, Part 2 to Plaintiff's Administrative Record (Kaiser's records regarding claims status) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. Kaiser's records regarding the claims status does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 40-10: K2619–2755 | Exhibit 8 to Defendant Kaiser's Proposed Administrative Record (minor's medical records) | Entire Document | GRANTED. |
| ECF No. 40-11: K2756–4124 | Exhibit 9 to Defendant Kaiser's Proposed Administrative Record (minor's medical records) | Entire Document | GRANTED. |
| ECF No. 54-3: K4125–32; 4133–40 | Defendant Kaiser's Exhibit 3 as Proposed Supplement to Plaintiff's Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |

11

Case No. 17-CV-04946-LHK
ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| | | | |
|---|---|---|---|
| ECF No. 54-3: K4141–44 | Defendant Kaiser's Exhibit 3 as Proposed Supplement to Plaintiff's Administrative Record (Kaiser's records regarding claims status) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. Kaiser's records regarding the claims status does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 54-3: K4145–49 | Defendant Kaiser's Exhibit 3 as Proposed Supplement to Plaintiff's Administrative Record (signed authorized representative form and other claim correspondence). | Entire Document | GRANTED. The records include sensitive information about the minor's personal information that cannot easily be redacted. |
| ECF No. 44-3: K251; K260–302; K311–12; K321–22; K331–32; K341–43; K352–55; K364–92; K397–98; K407–08; K557–66; K579; K596–606; K611 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (billing and claims records) | Entire Document | GRANTED. |
| ECF No. 44-3: K252–K259; K303–K310; K313–20; K323–30; K333–40; K344–51; K356–63; K393–96; K399–406; K409–16; K555–56; K567–78; | Exhibit 2, Part 1 to Plaintiff's Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, |

12

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| K580–81;<br>K586–87;<br>K592–95;<br>K607–10 | | | and birthday of the minor. |
| ECF No. 44-3:<br>K417–554;<br>K582–85;<br>K588–91 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (minor's medical records) | Entire Document | GRANTED. |
| ECF No. 44-3:<br>K1239 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (billing record) | Entire Document | GRANTED. |
| ECF No. 44-3:<br>K1268–69 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 44-3:<br>K1318–1329 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 44-3:<br>1330 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (billing and claims record) | Entire Document | GRANTED. |
| ECF No. 44-3:<br>K1331–60 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (billing records) | Entire Document | GRANTED. |

13

Case No. 17-CV-04946-LHK
ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| | | | |
|---|---|---|---|
| ECF No. 44-3: K1361–64; K1366–69; K1371–82; K1384–95; K1397–1400; K1408–19 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 44-3: K1365; K1370; K1383; K1396; K1401–07 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (billing and claims records) | Entire Document | GRANTED. |
| ECF No. 44-3: K1420–23 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (minor's medical records) | Entire Document | GRANTED. |
| ECF No. 44-3: K1424–33; K1454–1683; K1723–2011 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (minor's medical records) | Entire Document | GRANTED. |
| ECF No. 44-3: K1434–47 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (Plaintiff's level one appeals letter) | Entire Document | GRANTED. |
| ECF No. 44-3: K1448–53 | Exhibit 2, Part 1 to Plaintiff's Administrative Record (billing and claims records) | Entire Document | GRANTED. |
| ECF No. 44-4: K1684–95; K2012–19 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, |

Case No. 17-CV-04946-LHK
ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| | | | |
|---|---|---|---|
| | | | and birthday of the minor. |
| ECF No. 44-4: K1696–1708 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (Kaiser's Plan) | Entire Document | DENIED WITH PREJUDICE. Kaiser's Plan does not satisfy the compelling reasons standard and, in any event, is already public information. |
| ECF No. 44-4: K1709–10 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (screenshot of web search by Plaintiff) | Entire Document | DENIED WITH PREJUDICE, except for the second term of the web search. The screenshot of the web search does not satisfy the compelling reasons standard, and the web search is publicly accessible. The parties shall refile and redact only the second term of the web search as done in the Court's findings of fact and conclusions of law. *See* ECF No. 76 at 35, lines 7–14. |
| ECF No. 44-4: K1711 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (screenshot of web search by Plaintiff) | Entire Document | DENIED WITH PREJUDICE. The screenshot of the web search does not satisfy the compelling reasons standard, and the web search is publicly accessible. |
| ECF No. 44-4: K1712–22 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (Accusation in Matter No. 11-543 from the California Department of Managed Health Care Brought Against Kaiser) | Entire Document | DENIED WITH PREJUDICE. The Managed Department of Health Care Accusation against Kaiser does not satisfy the compelling reasons standard and is public. |

| ECF No. 44-4: K2024–28 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (signed authorized representative form and other claim correspondence). | Entire Document | GRANTED. The records include sensitive information about the minor's personal information that cannot easily be redacted. |
|---|---|---|---|
| ECF No. 44-4: K2032–35 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (Kaiser's records regarding claims status) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. Kaiser's records regarding the claims status does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |
| ECF No. 44-4: K2036–49 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (Plaintiff's level one appeals letter) | Entire Document | GRANTED. |
| ECF No. 44-4: K2050–55 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (billing records) | Entire Document | GRANTED. |
| ECF No. 44-4: K2056–2285; K2325–2616 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (minor's medical records) | Entire Document | GRANTED. |
| ECF No. 44-4: K2286–2297 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (benefits claims and appeals correspondence) | Entire Document | DENIED WITH PREJUDICE, except for the name, address, and birthday of the minor. The benefits claims and appeals correspondence does not satisfy the compelling reasons standard. The parties shall refile and redact only the name, address, and birthday of the minor. |

Case No. 17-CV-04946-LHK
ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| ECF No. 44-4: K2298–2310 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (Kaiser's Plan) | Entire Document | DENIED WITH PREJUDICE. Kaiser's Plan does not satisfy the compelling reasons standard and, in any event, is already public information. |
|---|---|---|---|
| ECF No. 44-4: K2311–12 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (screenshot of web search by Plaintiff) | Entire Document | DENIED WITH PREJUDICE, except for the second term of the web search. The screenshot of the web search does not satisfy the compelling reasons standard, and the web search is publicly accessible. The parties shall refile and redact only the second term of the web search as done in the Court's findings of fact and conclusions of law. *See* ECF No. 76 at 35, lines 7–14. |
| ECF No. 44-4: K2313 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (screenshot of web search by Plaintiff) | Entire Document | DENIED WITH PREJUDICE. The screenshot of the web search does not satisfy the compelling reasons standard, and the web search is publicly accessible. |
| ECF No. 44-4: K2314–24 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (Accusation in Matter No. 11-543 from the California Department of Managed Health Care Brought Against Kaiser) | Entire Document | DENIED WITH PREJUDICE. The Managed Department of Health Care Accusation against Kaiser does not satisfy the compelling reasons standard and is public. |
| ECF No. 44-4: K 2617–18 | Exhibit 2, Part 2 to Plaintiff's Administrative Record (minor's medical records) | Entire Document | GRANTED. |

United States District Court
Northern District of California

Case No. 17-CV-04946-LHK
ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1    Where the Court has denied sealing of information with prejudice, but allowed sealing of

2    the name, address, and birthday of the minor, the parties shall refile the above documents

3    consistent with this Order within seven days of this Order.

4    **IT IS SO ORDERED.**

5    Dated: January 6, 2019

6                                        _Lucy H. Koh_____

7                                        LUCY H. KOH
                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        18

28   Case No. 17-CV-04946-LHK
     ORDER GRANTING IN PART, DENYING IN PART WITH PREJUDICE, AND DENYING IN PART WITHOUT
     PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL