United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL MEYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN INC,<br><br>    Defendant. | Case No. 17-CV-04946-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 93 |

On December 11, 2018, the Court denied without prejudice the parties' numerous motions to seal and instructed the parties on how to properly renew their requests. ECF No. 78. On December 20, 2018, Plaintiff Carol Meyers and Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") jointly renewed their request to file certain exhibits and trials documents under seal. ECF No. 82. On January 6, 2019, the Court ruled on the joint request to seal and denied in part without prejudice the parties' motion to the extent it sought to seal certain portions of Defendant's opening and responsive trial brief. ECF No. 83. The Court instructed Defendant to narrowly tailor and file any renewed request, including a chart, within seven days of the Court's order in the form of a joint administrative motion. Before the Court is the parties' renewed joint administrative motion to file portions of Defendant's opening and responsive trial brief under seal filed by the

1  parties on January 13, 2019. ECF No. 93 ("Mot."). For the following reasons, the Court GRANTS
2  the instant motion to seal.

3  "Historically, courts have recognized a 'general right to inspect and copy public records
4  and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of
5  Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
6  U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in
7  favor of access is the starting point." *Id.* (internal quotation marks omitted).

8  Parties seeking to seal judicial records relating to motions that are "more than tangentially
9  related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,
10 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons
11 supported by specific factual findings" that outweigh the general history of access and the public
12 policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79 (9th Cir. 2006). Compelling reasons
13 justifying the sealing of court records generally exist "when such 'court files might have become a
14 vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
15 scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435
16 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's
17 embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
18 court to seal its records." *Id.*

19 Records attached to motions that are "not related, or only tangentially related, to the merits
20 of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at
21 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court
22 records attached only to non-dispositive motions because those documents are often unrelated, or
23 only tangentially related, to the underlying cause of action." (internal quotation marks omitted)).
24 Parties moving to seal records attached to motions unrelated or only tangentially related to the
25 merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of
26 Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The
27 "good cause" standard requires a "particularized showing" that "specific prejudice or harm will

28
2
Case No. 17-CV-04946-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

The first question before the Court is whether the instant motion to seal is subject to the good cause or compelling reasons standard. Here, the briefing that the parties seek to seal are for purposes of a bench trial. As such, the documents, by definition, have more than a tangential relation to the merits of the case, and therefore the "compelling reasons" standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *see, e.g., Federal Trade Commission v. DIRECTV, Inc.*, No. 15-cv-1129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (applying "compelling reasons" standard to trial exhibits in bench trial).

The Court now turns to the substance of the instant joint sealing motion. Specifically, the parties seek to seal portions of Defendant Kaiser's opening and responsive trial brief filed in connection with the bench trial. *See* Mot. The Court agrees that compelling reasons exist to seal these portions of Defendant Kaiser's opening and responsive trial brief because these portions contain information related specifically to the minor's medical history and treatment. This

3

Case No. 17-CV-04946-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

information is sealable because of the strong interest in "preserv[ing] privacy in a matter of sensitive and highly personal nature." *Jane Roes 1-2 v. SFBSC Mgmt LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *see also Hunt v. Cont'l Cas. Co.*, 2015 U.S. Dist. LEXIS 122228, 2015 WL 5355398, *3 (N.D. Cal. Sept. 14, 2015) (holding that plaintiff's "interest in preserving the privacy of her sensitive mental health records" constituted a compelling reason to seal those records). Furthermore, Defendant's request is narrowly tailored because the requested redactions include only information related to the minor's medical history and treatment.

Accordingly, with the Ninth Circuit's sealing case law in mind, the Court rules on the instant motion as follows:

| Dkt. No. | Description | Page/Line | Court's Ruling |
|---|---|---|---|
| 40-4 | Defendant Kaiser's Unredacted Opening (Original version lodged conditionally under seal) | Entire Document | GRANTED. |
| 66 | Defendant Kaisers's Unredacted Opening Trial Brief (Corrected) | Page i, lines 15, 17, 20-21 | GRANTED |
| 66 | Defendant Kaiser's Unredacted Opening Trial Brief (Corrected) | Page 1, lines 17, 21-24 | GRANTED. |
| 66 | Defendant Kaisers's Unredacted Opening Trial Brief (Corrected). | Page 2, lines 7, 8-9, 11, and 13 | GRANTED. |
| 66 | Defendant Kaiser's Unredacted Opening Trial Brief (Corrected) | Page 7, lines 23-28; Page 8, lines 1-28; Page 9, lines 1-28; Page 10, lines 2-28; Page 11, lines 1-28; Page 12, lines 1-26; Page 13, lines 3, 4, 7-22, 23, 24, 25; Page 14, lines 1, 6, 7, 9-28; Page 15, lines 1-28; Page 16, lines 1-2; Page 18, lines 23-28; Page 19, lines 26-28 | GRANTED. |
| 47.4 | Defendant Kaiser's Unredacted Responsive Trial Brief (Original version lodged conditionally under seal) | Entire Document | GRANTED. |

4
Case No. 17-CV-04946-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

| 68 | Defendant Kaiser's Unredacted Responsive Trial Brief (Corrected) | Page 3, lines 6-10; Page 3, lines 12-13 | GRANTED. |
| 68 | Defendant Kaiser's Unredacted Responsive Trial Brief (Corrected) | Page 4, line 21; Page 5, lines 1-3 | GRANTED. |
| 68 | Defendant Kaiser's Unredacted Responsive Trial Brief (Corrected) | Page 7, line 28; Page 8, lines 1-4 | GRANTED. |

**IT IS SO ORDERED.**

Dated: January 14, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge